Dear Ms. George:
You advise this office that you currently serve as Town Clerk in the Village of Grosse Tete, a Lawrason Act municipality, governed by the provisions of R.S. 33:321, et seq. You ask if the law permits you to also serve as an elected member of the Iberville Parish School Board.
In a Lawrason Act municipality, the position of municipal clerk is created by statute, as R.S. 33:381 (A) states that "the officers of every municipality shall be a mayor, aldermen, a chief of police, a tax collector, and a clerk."
The mayor appoints the town clerk at the first meeting of the board of aldermen subsequent to the election, pursuant to R.S. 33:386(A), which provides in pertinent part:
 A. At the first regular meeting of the board of aldermen succeeding each regular municipal election, the mayor, subject to confirmation by the board of aldermen, shall appoint a clerk, tax collector, except as provided for in R.S. 33:381(D), and all other necessary officers whose election is not provided for in R.S. 33:381 . . . . . . (emphasis added).
Because the position of town clerk is established by law and appointed by the elected mayor, the position is considered an "appointive office" for purposes of the state dual officeholding laws.[1]
R.S. 42:62(2) provides: *Page 2 
 (2) "Appointive office" means any office in any branch of government or other position on an agency, board, or commission or any executive office of any agency, board, commission, or department which is specifically established or specifically authorized by the constitution or laws of this state or by the charter or ordinances of any political subdivision thereof and which is filled by appointment or election by an elected or appointed public official or by a governmental body composed of such officials of this state or of a political subdivision thereof. (Emphasis added).
Further, a school board member holds "elective office" pursuant to R.S. 42:62(1), providing:
 (1) "Elective office" means any position which is established or authorized by the constitution or laws of this state or by the charter or ordinances of any political subdivision thereof, which is not a political party office, and which is filled by vote of the citizens of this state or of a political subdivision thereof.
The dual officeholding statutes prohibit the holding of certain combinations of offices and/or employments. The prohibition of the law of import here is R.S. 42:63(D), which provides:
 D. No person holding an elective office in a political subdivision of this state shall at the same time hold another elective office or full-time appointive office in the government of this state or in the government of a political subdivision thereof. No such person shall hold at the same time employment in the government of this state, or in the same political subdivision in which he holds an elective office. In addition no sheriff, assessor, or clerk of court shall hold any office or employment under a parish governing authority or school board, nor shall any member of any parish governing authority or school board hold any office or employment with any sheriff, assessor, or clerk of court. (emphasis added).
While R.S. 42:63(D) prohibits an elected official from also holding full-time appointive office, the statute does not prohibit an elected official from holding part-time appointive office, as those terms are defined by R.S. 42:62(4) and (5):
 (4) "Full time" means the period of time which a person normally works or is expected to work in an appointive office or employment and which is at least seven hours per day of work and at least thirty-five hours per week of work. *Page 3 
 (5) "Part time" means the period of time which a person normally works or is expected to work in an appointive office or employment which is less than the number of hours of work defined in this Section as full time.
If you hold the position of town clerk in Grosse Tete on a full-time basis, R.S. 42:63(D) prohibits you from also holding the elected office of school board member. However, if you work less than thirty-five hours per week as town clerk, you would be considered part-time and R.S.42:63(D) would not prohibit you from serving as school board member.
Attached please find Opinions 94-6 and 03-0131 for your further reference. While these opinions address the legality of the simultaneous holding of the positions of town clerk and police juror, the legal reasoning remains applicable to the current matter. In both opinions, this office concluded that a town clerk must be part-time in order to hold the local elected office of police juror.
We hope the foregoing is helpful to you. Should you have other questions in which we may provide assistance, please contact this office.
 Very truly yours,
 JAMES D. "BUDDY" CALDWELL
 ATTORNEY GENERAL
 BY: __________________________
 KERRY L. KILPATRICK
 ASSISTANT ATTORNEY GENERAL
 KLK:arg *Page 4 
RICHARD P. IEYOUB
ATTORNEY GENERAL
 OPINION NUMBER 94-6
Ms. Rhonda King Town Clerk Rt. 1, Box 127 Newellton, La. 71357
A person holding an elected position in a political subdivision of this state cannot hold a full-time appointive position as Town Clerk, unless as an elected town alderman.
R.S. 42:62
R.S. 33:381
78 — Officers — dual officeholding
Dear Ms. King:
This office is in receipt of your request for an opinion of the Attorney General in regard to a question on dual officeholding. You indicate you are presently serving as an appointed town clerk and are interested in seeking election on the Parish Police Jury. You ask if you can hold both offices.
To answer your question attention must be given to the law relative to dual officeholding as set forth in R.S. 42:63(D). It provides no person holding an elective office in a political subdivision of this state, which would be a member of the parish police jury, shall at the same time hold another elective office or full-time appointive office in the government of this State or a political subdivision thereof, which would be a town, or hold at the same time employment in the government of this State or in the same political subdivision in which he holds elective office.
Therefore, if the position of town clerk, were employment there would be no prohibition since it is not in the same political subdivision as a parish elective position. Moreover, under R.S. 33:381, as an exception to the dual officeholding law, an alderman may hold the position of clerk in the same political subdivision.
However, a person holding elective office in a political subdivision cannot hold a full-time appointive office in a political subdivision of the state, and you state your position is appointive. We find this correct under R.S. 33:386, and under the definition in R.S. 42:62(2) which defines "appointive office" as follows:
 * * * any office in any branch of government or other position on an agency, board, or commission or any executive office of any agency, board, commission or any executive office of any agency, board, commission, or *Page 5 
department which is specifically established or specifically authorized by the constitution or laws of this state or by the charter or ordinances of any political subdivision thereof and which is filled by appointment or election by an elected or appointed public official or by a government body composed of such officials of this state or of a political subdivision thereof.
Full time is defined in R.S. 42:62(5) as at least seven hours per day of work and at least thirty-five hours per week of work.
On the assumption that the position of town clerk is full-time, you would be prohibited from holding the appointive position at the same time as the elected position on the Parish Police Jury. That does not mean you cannot hold the appointive position and at the same time seek the elective office, but you would have to resign the appointed position if elected if it is a "full-time" appointive position.
We hope this sufficiently answers your question, but if we can be of further assistance, do not hesitate to contact us.
Sincerely yours,
RICHARD P. IEYOUB
Attorney General
BY: __________________________
BARBARA B. RUTLEDGE
Assistant Attorney General
 BBR *Page 6 
RICHARD P. IEYOUB
ATTORNEY GENERAL
OPINION 03-0131
Ms. Rhonda King Town Clerk P.O. Box 477 Newellton, LA 71357
78 Dual Officeholding
R.S. 42:63(D); R.S. 42:62(2), (4) and (5)
Elected police juror may hold local part-time appointed office of town clerk.
Dear Ms. King:
You ask us to determine whether you may hold the position of town clerk of Newellton and also the position of police juror should you be elected.
Our research reflects that you have made this inquiry to our office on a previous occasion. In Attorney General Opinion 94-6, this office instructed:
 On the assumption that the position of town clerk is full-time, you would be prohibited from holding the appointive position at the same time as the elected position on the Parish Police Jury. That does not mean you cannot hold the appointive position and at the same time seek the elective office, but you would have to resign the appointed position if elected if it is a "full-time" appointive position.
The law supporting our conclusion in Attorney General Opinion 94-6 remains unchanged. See R.S. 42:63(D)[1], R.S. 42:62(2), (4) and (5)[2]. *Page 7 
If in fact you now hold part-time appointive office as town clerk [see R.S. 42:62(5)], the prohibition would no longer be applicable. Again, in either case you may seek the elective office of police juror, and must resign the position of town clerk only in the event that the latter position is held on a full-time basis.
Very truly yours,
RICHARD P. IEYOUB
ATTORNEY GENERAL
BY: __________________________
KERRY L. KILPATRICK
ASSISTANT ATTORNEY GENERAL
KLK/ams
[1] R.S. 42:61, et seq., is entitled the Louisiana Dual Officeholding and Dual Employment Law and governs the holding of certain offices and/or employments in the public sector.
[1] R.S.42:63(D) provides:
D. No person holding an elective office in a political subdivision of this state shall at the same time hold another elective office or full-time appointive office in the government of this state or in the government of a political subdivision thereof. No such person shall hold at the same time employment in the government of this state, or in the same political subdivision in which he holds an elective office. In addition no sheriff, assessor, or clerk of court shall hold any office or employment under
[2] R.S. 42:62(2), (4) and (5) provide, respectively:
(2) "Appointive office" means any office in any branch of government or other position on an agency, board, or commission or any executive office of any agency, board, commission, or department which is specifically established or specifically authorized by the constitution or laws of this state or by the charter or ordinances of any political subdivision thereof and which is filled by appointment or election by an elected or appointed public official or by a governmental body composed of such officials of this state or of a political subdivision thereof.
(4) "Full time" means the period of time which a person normally works or is expected to work in an appointive office or employment and which is at least seven hours per day of work and at least thirty-five hours per week of work.
(5) "Part time" means the period of time which a person normally works or is expected to work in an appointive office or employment which is less than the number of hours of work defined in this Section as full time.